IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EMIL AND MOMI WOLFGRAMM, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> COUNTRYWIDE HOME LOANS, A ) <br> CORPORATION, ET AL., ) <br> ) <br> Defendants. ) <br> _____ ) | CIV. NO. 13-00158 JMS-BMK <br><br> ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT, DOC. NO. 55 |

**<u>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT, DOC. NO. 55</u>**

**I. <u>INTRODUCTION</u>**

In this action for wrongful foreclosure, Defendants Countrywide Home Loans, Inc. ("Countrywide"); Bank of America, N.A. (as successor by merger to BAC Home Loans Servicing, LP) (sued as "BAC Home Loans") ("BANA"); and Federal National Mortgage Association, a Corporation, Holders of ISAC 2006-5 Mortgage Pass-Through Certificates, Series 2006-5 ("FNMA") (collectively, "Defendants") move for summary judgment on all claims asserted by Plaintiffs Emil and Momi Wolfgramm ("Plaintiffs") in Plaintiffs' First Amended Complaint ("FAC"). Doc. No. 55.

Plaintiffs did not file an Opposition to Defendants' Motion, did not file an opposing Concise Statement of Facts ("CSF"), and did not otherwise cite to any evidence controverting any of the facts established by Defendants in their CSF in support of the Motion. Doc. No. 56. The court thus treats the properly-supported material facts set forth in Defendants' CSF as admitted. *See* Local Rule 56.1(g). Based on the following, the Motion is GRANTED.

## II. **BACKGROUND**

**A.  Factual Background**

The undisputed record establishes that a promissory note dated October 2, 2007 for $500,000 in favor of Countrywide was entered into by Plaintiff Momi Wolfgramm. *See* Doc. No. 56-1, Scott Horowitz Decl. ¶ 3; Doc. No. 56-2, Defs.' Ex. A. The note was secured by an October 2, 2007 mortgage (signed by both Plaintiffs) on real property located at 48-162 Waiahole Valley Road, Kaneohe, Hawaii 96744 (the "subject property"), with Countrywide as lender and mortgagee. Doc. No. 11, FAC; Doc. No. 56-1, Horowitz Decl. ¶ 4; Doc. No. 56-3, Defs.' Ex. B. Effective April 27, 2009, Countrywide merged into BANA. Doc. No. 56-18, Christine Costamagna Decl. ¶ 3; Doc. Nos. 56-19 & 56-20, Defs.' Exs. 1 & 2. On June 18, 2009, BAC Home Loans Servicing, LP ("BACHLS") became the loan servicer. Doc. No. 56-1, Horowitz Decl. ¶ 12. On

2

October 13, 2009, the mortgage was assigned to BACHLS. *Id*. ¶ 13; Doc. No. 56-11, Defs.' Ex. J.

Plaintiffs have not made a regular payment on the loan since October 16, 2008, Doc. No. 56, Defs.' CSF ¶¶ 31, 36, and do not contest that the loan is in default. *Id.* ¶ 37. BACHLS commenced a non-judicial foreclosure on the subject property on December 22, 2009, with a foreclosure sale then-scheduled for February 23, 2010. *Id.* ¶ 38; Doc. No. 56-12, Defs.' Ex. K. The sale occurred on August 26, 2010, when BACHLS purchased the subject property. Doc. No. 56, Defs.' CSF ¶ 39; Doc. No. 56-12, Defs.' Ex. L. On September 8, 2010, BACHLS executed a quitclaim deed in favor of FNMA. Doc. No. 56, Defs.' CSF ¶ 40; Doc. No. 56-14, Defs.' Ex. M. And on July 2, 2011, BANA became successor-by-merger to BACHLS. Doc. No. 56, Defs.' CSF ¶ 20; Doc. No. 56-18, Costamagna Decl. ¶ 4.

**B.    Procedural Background**

Plaintiffs filed this action on October 9, 2012 in the First Circuit Court for the State of Hawaii. Doc. No. 1-3. After service of the Complaint on March 14, 2013, Defendants timely removed the action to this court on April 3, 2013. Doc. No. 1, Notice of Removal. The FAC was filed on June 20, 2013. Doc. No. 11. On November 10, 2014, Defendants filed their Motion for Summary

3

Judgment or in the Alternative Partial Summary Judgment. Doc. No. 55. The Motion was supported by a CSF and accompanying Declarations of Scott Horowitz, Andrew Lautenbach, and Christine Costamangna, and corresponding Exhibits. Doc. No. 56. Plaintiffs did not file an Opposition, did not file a counterstatement of facts, and did not otherwise file any evidence contradicting Defendants' submissions. A hearing was held on January 5, 2015, where Plaintiffs' counsel sought a continuance -- which the court denied -- based on a settlement conference scheduled for the afternoon (but counsel again did not offer any evidence to contradict Defendants' Motion).

### III. STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of

4

the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has carried its burden under Rule 56[(a)] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence

5

of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor" (citations omitted)).

## IV. **DISCUSSION**

The FAC consists of five counts, alleging state-law claims for fraud, wrongful foreclosure, violations of Hawaii's Unfair and Deceptive Trade Practices Act, unjust enrichment, and wrongful eviction regarding a non-judicial foreclosure on the subject property. Doc. No. 11. These claims are all based on the same underlying allegation -- that Countrywide did not assign the subject note and mortgage to BACHLS and therefore BACHLS had no right to collect mortgage payments or foreclose. *Id.*, FAC ¶ 20.

The undisputed facts establish that BACHLS was authorized to foreclose on the subject property when it did so in December of 2009. At that time, the loan was in default, and BACHLS was the authorized loan servicer and the mortgagee. BACHLS had acquired the mortgage from BANA. And, although Countrywide was the original holder of the note and mortgagee, it was merged into BANA, effective April 27, 2009. BANA thus succeeded Countrywide's interests in the note and mortgage. *See, e.g.*, *White v. Bank of Am., N.A.*, 2013 WL 1963786, at *3 (N.D. Ga. May 10, 2013) ("On April 27, 2009, Countrywide merged into BANA. As a result of the merger, BANA acquired the assets, rights

6

and liabilities of Countrywide, including the Note.") (citation omitted); *McCulley v. Countrywide Home Loans, Inc.*, 2013 WL 3187995, at *6 (S.D. Ala. June 21, 2013) ("Because Countrywide ultimately merged into BANA, there is no new owner or assignee of the debt[.]"); *Lee v. Countrywide Home Loans, Inc.*, 2010 WL 1487131, at *1 n.1 (N.D. Ohio Apr. 13, 2010) ("Bank of America's presence as a defendant in this case is due to its status as successor by merger to the former Countrywide Bank, N.A. . . . the analysis applicable to Countrywide is equally applicable to Bank of America."), *reversed in part on other grounds*, 692 F.3d 442 (6th Cir. 2012); *Coleman v. Bank of N.Y. Mellon*, 2014 WL 3827493, at *1 n.3 (N.D. Tex. Aug. 4, 2014) ("Given BANA's alleged status as Countrywide's successor by merger, Plaintiff's claims against Countrywide are considered as if they were asserted against BANA.") (citations omitted). Accordingly, the foreclosure was not wrongful -- fatal to all of Plaintiffs' theories in the FAC.

Further, to the extent the FAC asserts that BACHLS' foreclosure was otherwise improper because BACHLS had not been assigned the note from Countrywide, "courts in this district have routinely rejected claims that the absence of the assignment of a mortgage and the physical delivery of the note somehow nullifies the foreclosure sale." *Dias v. Fed. Nat'l Mortg. Ass'n*, 990 F. Supp. 2d 1042, 1050 (D. Haw. Dec. 31, 2013) (citing cases). *See also, e.g.*,

7

*Pascual v. Aurora Loan Servs., LLC*, 2012 WL 3583530, at *3 & n.3 (D. Haw. Aug. 20, 2012) (refusing to read a "show me the note" requirement into Hawaii's non-judicial foreclosure statutes) (citing numerous decisions from this and other courts).

## V. CONCLUSION

Defendants have met their initial burden to demonstrate an absence of any genuine issue of material fact that they are entitled to summary judgment as to all claims in the FAC. Plaintiffs filed no Opposition, and did not proffer any evidence to controvert Defendants' arguments. Because the foreclosure was not wrongful, Defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment or, in the alternative, for Partial Summary Judgment, Doc. No. 55, is GRANTED. The Clerk of Court shall issue judgment in favor of Defendants, and close the case file.

IT IS SO ORDERED.

DATED: January 7, 2015.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Wolfgramm v. Countrywide Home Loans, a Corporation et al.*, Civ. No. 13-00158 JMS-BMK, Order Granting Defendants' Motion for Summary Judgment or in the Alternative Partial Summary Judgment, Doc. No. 55